# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MARIA VENTURA,

       Plaintiff,

    v.

FRANK BISIGNANO,
Commissioner of Social Security,

       Defendant.

_____ /

Case No. 1:25-cv-01255-SKO

ORDER ON PLAINTIFF'S SOCIAL
SECURITY COMPLAINT

(Doc. 1)

## I.    INTRODUCTION

Plaintiff Maria Ventura ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

## II.    FACTUAL BACKGROUND

Plaintiff was born in 1966, has a marginal education, and previously worked as a farmworker. (Administrative Record ("AR") 41, 47, 76, 96, 118, 137, 327–28.)  Plaintiff filed claims for DIB and SSI payments on January 18, 2022, alleging she became disabled on July 20, 2020, due to

_____

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (*See* Doc. 9.)

schizophrenia.  (AR 77, 97, 119, 138, 277–85.)

**A.      Relevant Evidence of Record[2]**

In July 2022, following a comprehensive mental status evaluation, consultative psychologist L. Faurbo, PsyD, opined that Plaintiff was not significantly limited with the abilities to understand, remember, and perform simple written and oral instructions; maintain regular attendance in the workplace; perform work activities on a consistent basis; and she can manage funds.  (AR 1078, 1079.)  Dr. Faurbo further found Plaintiff was mildly limited with the ability to perform work activities without special or additional supervision and to complete a normal workday or workweek without interruptions resulting from her psychiatric condition.  (AR 1079.)  Finally, Dr. Faurbo concluded that Plaintiff was moderately limited with the abilities to understand, remember, and perform complex written and oral instructions; accept instructions from supervisors; interact with coworkers and with the public; and deal with the usual stress encountered in competitive work environment.  (AR 1078–79.)

Following another comprehensive mental status evaluation in March 2023, consultative psychologist Kellie R. Sulier, PsyD, opined that Plaintiff can manage her own funds and was mildly impaired with her abilities to understand, remember, and perform simple written and oral instructions; perform work activities on a consistent basis; perform work activities without special or additional supervision; and accept instructions from supervisors.  (AR 1122–23.)  Dr. Sulier further found Plaintiff was "mildly to moderately" impaired with her abilities to understand, remember, and perform complex written and oral instructions; and maintain regular attendance in the workplace.  (AR 1122.)  Finally, Dr. Sulier concluded Plaintiff was moderately impaired with her abilities to complete a normal workday or work week without interruptions resulting from her psychiatric condition; interact with coworkers and with the public (and may need additional breaks to manage increased symptoms); and deal with the usual stresses encountered in a competitive work environment.  (AR 1122–23.)

---

[2] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

**B.      Administrative Proceedings**

The Commissioner denied Plaintiff's applications for benefits initially on July 22, 2022, and again on reconsideration on April 18, 2023.  (AR 31, 157–62, 171–76.)  Consequently, Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  (AR 188–219.)

At the hearing on May 23, 2024, Plaintiff appeared telephonically with counsel and an interpreter and testified before an ALJ as to her work history and alleged disabling conditions.  (AR 63–69.)  A Vocational Expert (VE) also testified at the hearing.  (AR 69–74.)

**C.      The ALJ's Decision**

In decision dated June 10, 2024, the ALJ concluded that Plaintiff was not disabled.  (AR 31–49.)  The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. §§ 404.1520 and 416.920.  (AR 33–49.)  The ALJ decided that Plaintiff met the insured status requirements of the Act through June 30, 2024, and had not engaged in substantial gainful activity since July 20, 2020, the alleged onset date (step one).  (AR 33.)  At step two, the ALJ found Plaintiff has the following severe impairments: major depressive disorder; bipolar disorder, unspecified anxiety disorder, schizophrenia, and antipsychotic induced Parkinsonism.  (AR 33–34.)  Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three).  (AR 34–37.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[3] and applied the assessment at steps four and five.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").  The ALJ determined that Plaintiff had the RFC:

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours per day, for 5 days per week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996).  The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments.  *Id*.  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'"  *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006).

3

to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can frequently handle and finger with her bilateral upper extremities; she can understand, remember, and carry out simple instructions; she can make simple work-related decisions; she can occasionally interact with supervisors and coworkers; she should have no interaction with the public; she would need a job where she can work independently, meaning she could work in the vicinity of others, but she would only have incidental interactions would be required to complete job tasks; and she can deal with occasional changes in routine work setting

(AR 37–46.)   Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record." (AR 38.)

Based on the RFC assessment, the ALJ determined that Plaintiff could perform her past relevant work as a fruit farmworker and as a vegetable harvest worker (step 4). (AR 47.) The ALJ also made the alternative finding that Plaintiff could perform a significant number of other jobs in the national economy (step five). (AR 47–48.) The ALJ concluded Plaintiff was not disabled from July 20, 2020, through the date of the decision. (AR 49.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on April 16, 2025. (AR 10–17.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481.

### III.    LEGAL STANDARD

#### A.    Applicable Law

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining

whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec.*

*Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

### IV.    DISCUSSION

Plaintiff asserts three allegations of error: (1) the ALJ failed to consider and apply a vocational profile that results in a finding of disability without consideration of the normal disability determination process; (2) the ALJ failed adequately to address assessed limitations in two credited medical opinions; and (3) the ALJ did not properly determine whether Plaintiff met or equaled a Listing. (Docs. 15, 18.) The Commissioner counters that (1) substantial evidence supports the ALJ's finding that Plaintiff had past relevant work; (2) the ALJ adequately translated credited medical opinions into the assessed RFC; and (3) substantial evidence supports the ALJ's finding that the Listings were not satisfied. (Doc. 17.)

The Court agrees with Plaintiff that the assessed RFC is not supported by substantial evidence, as the ALJ did not adequately address whether and how it accounts for credited medical opinion evidence regarding Plaintiff's moderate limitations, and on that basis will reverse and remand the matter for further proceedings.[4]

**A.      Legal Standard**

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).  "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine*, 574 F.3d at 690.

"Where an ALJ accords substantial or great weight to a physician's opinion, [they] must either incorporate their findings into the RFC or offer an explanation for why [they] chose not to accept them." *Sahyoun v. Saul*, No. 2:18-CV-576-EFB, 2020 WL 1492661, at *3 (E.D. Cal. Mar. 27, 2020); *see also Martin v. Comm'r of Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012) ("The administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it."); *Bain v. Astrue*, 319 F. App'x 543, 545–46 (9th Cir. 2009) (holding ALJ erred in not including consultative examining psychologist's moderate limitations in the RFC, despite specifically crediting these limitations in the opinion); *Harrell v. Kijakazi*, No. 1:20-cv-00614-GSA, 2021 WL 4429416, at *4 (E.D. Cal. Sept. 27, 2021) ("The ALJ was under no obligation to accept a medical opinion he found unsupported by the record.  But, having clearly stated that he was according [the physician]'s opinion great weight, the ALJ was under an obligation to account for the moderate limitations [the physician] identified irrespective of the broader reasoning in support of the RFC."); *Flores v. Saul*, No. 1:18-cv-01523-SKO, 2020 WL 509098, at *5 (E.D. Cal. Jan. 31, 2020) (finding ALJ erred by assigning great weight to consultative psychologist's opinion, but failing to provide specific and legitimate reasons for rejecting significant

---

[4] Because further proceedings will necessitate the re-evaluation of the evidence, *see infra*, the Court does not reach the additional allegations of error.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Rendon G. v. Berryhill*, No. EDCV 18-0592-JPR, 2019 WL 2006688, at *8 (C.D. Cal. May 7, 2019); *Harris v. Colvin*, No. 13-cv-05865 RBL, 2014 WL 4092256, at *4 (W.D. Wash. Aug. 11, 2014); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

portions of the opinion); *Wascovich v. Saul*, No. 2:18-cv-659-EFB, 2019 WL 4572084, at *3–5 (E.D. Cal. Sept. 20, 2019) (finding ALJ erred by assigning substantial weight to consulting examiner's opinion that the plaintiff had a mild to moderate impairment in her capacity to maintain regular attendance, but failed to account for the limitation in the RFC); *Neufeld v. Berryhill*, No. 2:16-cv-03644 (VEB), 2018 WL 4739699, at *6 (C.D. Cal. Sept. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided not to accept them.").  An ALJ errs when they do not explain why they did not adopt all findings or limitations from a persuasive opinion. *Patterson v. Comm'r of Social Sec.*, No. 2:23-cv-00635 AC, 2024 WL 4216810, at *8 (E.D. Cal. Sept. 17, 2024).

**B.     Analysis**

As set forth above, and as pertinent here, consultative examiner Dr. Faurbo opined that Plaintiff was moderately limited with the abilities to accept instructions from supervisors and deal with the usual stress encountered in competitive work environment.  (AR 1078–79.)  Consultative examiner Dr. Sulier opined that Plaintiff was "mildly to moderately" impaired with her abilities to maintain regular attendance in the workplace, and moderately impaired with her abilities to complete a normal workday or workweek without interruptions resulting from her psychiatric condition and deal with the usual stresses encountered in a competitive work environment.  (AR 1122–23.)

The ALJ found Dr. Faurbo's opinion "persuasive," as it was "supported by a personal examination" and "consistent with [Plaintiff's] activities, and with the medical evidence of record." (AR 42.)  Dr. Sulier's assertion regarding the needs for additional breaks was rejected by the ALJ, but the other findings were found "persuasive" because they were "supported by her personal examination" and "consistent with the medical evidence of record and [Plaintiff's] reported daily activities."  (AR 44.)

The question before the Court is whether the ALJ, having deemed Drs. Faurbo's and Sulier's opinions persuasive, "appropriately translated the moderate limitations from that opinion into concrete restrictions in the RFC."  *Harrell*, 2021 WL 4429416, at *6–7; *see also id.* ("But, having clearly stated that he was according Dr. Stafford's opinion great weight, the ALJ was under an

obligation to account for the moderate limitations Dr. Stafford identified irrespective of the broader reasoning in support of the RFC.").  In answering this question, the Court is mindful that an ALJ's RFC findings need only be consistent with assessed limitations and not identical to them.  *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222–23 (9th Cir. 2010); *Wascovich*, 2019 WL 4572084, at *5 ("This does not necessarily mean that the ALJ was required to explicitly transcribe the limitation in the RFC.  Rather, he is required to account for it in his 'translation.'"); *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."); *Ashlock v. Kijakazi*, No. 1:21-cv-01687-GSA, 2022 WL 2307594, at *3 (E.D. Cal. June 27, 2022) ("The RFC need not mirror a particular opinion; it is an assessment formulated by the ALJ based on all relevant evidence.").

Here, it is not clear from the ALJ's decision if—and if so, how—the ALJ may have incorporated into the assessed RFC the opined "mild to moderate" and moderate limitations in Drs. Faurbo's and Sulier's persuasive opinions.  *See Wascovich*, 2019 WL 4572084, at *5.  The Commissioner contends that the limitations are accounted for by the assessed RFC.  (Doc. 17 at 7–8.)  The Court disagrees.

First, the Commissioner maintains that the limitations to occasional interaction with supervisors and independent work with only "incidental interactions" with others accommodates the moderate impairment in accepting instructions by supervisors.  (*Id*. at 7.)  The Commissioner cites no legal authority for this proposition.  At least one district court in this Circuit recently found the opposite: that a moderate limitation in the ability to accept instructions from supervisors was not addressed in the RFC by a limitation to "occasional interactions with supervisors."  *Ninh M. v. Bisignano*, No. 24-CV-08513-PCP, 2026 WL 1069987, at *4–5 (N.D. Cal. Mar. 31, 2026).

The Commissioner next contends that the opined limitations in maintaining regular attendance at work, completing a normal workday, and dealing with workplace stress are accounted for in the RFC by the limitations to "simple work-related decisions" and "occasional changes in routine work setting."  (Doc. 17 at 7–8.)  Courts within this district, however, have noted that the district court case law "tends to favor the view that a restriction to simple/routine tasks . . . does not account for the moderate limitations . . . in . . . handling work related stressors, maintaining regular

attendance, and completing a normal workweek without interruption," as opined by Drs. Faurbo and Sulier. *Harrell*, 2021 WL 4429416, at *6 (collecting cases). *Macquarrie v. Comm'r of Soc. Sec.*, No. 1:21-CV-00072-CDB, 2023 WL 8242069, at *6 (E.D. Cal. Nov. 28, 2023) ("[T]he weight of more recent case law [ ] tends to refute the argument that a limitation to simple, routine tasks in the RFC adequately accounts for moderate limitations in the ability to complete a normal workday and the ability to handle stress.") (quoting *Slover v. Kijakazi*, No. 1:21-cv-01089-ADA-BAM, 2023 WL 5488416, at *4 (E.D. Cal. Aug. 24, 2023); *Sahyoun*, 2020 WL 1492661, at *4 (rejecting argument that the RFC determination that plaintiff could sustain work involving simple, repetitive tasks adequately captured moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress); *Berenisia Madrigal v. Saul*, No. 1:18-cv-01129-SKO, 2020 WL 58289, at *5–6 (E.D. Cal. Jan. 6, 2020) (finding that ALJ's RFC of simple, routine tasks with limited peer and public contact did not account for opined limitations in "completing a normal workday or work week due to her psychiatric condition, moderate difficulties dealing with stress and changes encountered in the workplace, and an up to moderate likelihood that she would emotionally deteriorate in a work environment"). Contrary to the Commissioner's argument, a limitation to "occasional changes in routine work setting" similarly does not account for Dr. Sulier's opined limitations in Plaintiff's ability to maintain regular attendance in the workplace and to complete a normal workday or workweek. *See Toftee v. Comm'r of Soc. Sec.,* No. 1:24-CV-01139-BAM, 2025 WL 2687721, at *5 (E.D. Cal. Sept. 19, 2025) (RFC limiting the plaintiff to understanding, remembering, and carrying out simple instructions, occasional interaction with supervisors, coworkers, and the public, and occasional changes in a routine work setting "fails to account for Plaintiff's moderate limitations in completing a normal workday or workweek without interruptions from a psychiatric condition."); *Lamar v. Comm'r of Soc. Sec.*, No. 1:24-CV-00504-EPG, 2025 WL 318294, at *4 (E.D. Cal. Jan. 28, 2025) (concluding limitation to simple, routine work and other limitations imposed in the RFC – in the areas of concentration, persistence, or pace, and the ability to deal with routine changes and respond to supervision, coworkers, and work situations – did not fully account for whether plaintiff had the ability to regularly attend work and complete a full day without interruptions from his mental

impairments); *Mathews v. Comm'r of Soc. Sec.*, No. 1:23-cv-01345-HBK, 2025 WL 225094, at *7 (E.D. Cal. Jan. 17, 2025) (finding RFC limiting plaintiff to nonpublic simple work consisting of simple routine repetitive tasks, only occasional interaction with supervisors and coworkers, and non-production line work with only occasional workplace changes, did not account for moderate limitations in plaintiff's ability to complete a normal workday/work week and the likelihood of emotional deterioration).

Based on the foregoing, the Court finds that the ALJ's RFC did not adequately address or account for Drs. Faurbo's and Sulier's "mild to moderate" and/or moderate limitations in Plaintiff's ability to accept instructions from supervisors, maintain regular attendance in the workplace, complete a normal workday or workweek, and deal with the usual stresses encountered in a competitive work environment. *See Phounsavath v. Comm'r of Soc. Sec.*, No. 1:23-cv-01436-HBK, 2025 WL 719297, at *7 (E.D. Cal. Mar. 6, 2025) (finding RFC limiting plaintiff to simple, routine tasks with only occasional public contact, occasional tasks that require teamwork, no quota-driven work, and working mainly with objects and not people, did not account for findings of moderate limitations in plaintiff's ability to complete a normal workday/work week and deal with stress and changes encountered in the workplace); *Gowan v. Comm'r of Soc. Sec.*, No. 1:23-cv-00598-DAD-AC, 2024 WL 3372470, at *3 (E.D. Cal. July 11, 2024) ("[T]he RFC's restriction to 'simple, routine and repetitive tasks' did not account for [moderate] limitations to plaintiff's ability to maintain attendance and to perform work activities without additional or special supervision."); *Christopher G. v. Saul*, No. 2:19-cv-06150-AFM, 2020 WL 2079972, at *6 (C.D. Cal. Apr. 30, 2020) (RFC that the plaintiff could "perform work involving simple, routine tasks with limited public and co-worker interaction" failed to address moderate limitation in maintaining regular attendance, completing a normal workday or workweek, or in performing at a consistent pace without an unreasonable number and length of rest periods); *Sahyoun*, 2020 WL 1492661, at *4 (RFC limiting the plaintiff to simple, repetitive tasks and no more than occasional interaction with supervisors, coworkers and public did not adequately capture moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress); *Cummings v. Berryhill*, No. 5:17-cv-00056-AS, 2018 WL 813620, at *1, 3 (C.D. Cal.

Feb. 9, 2018) (ALJ's RFC determination limiting the plaintiff to work involving simple, routine tasks, a non-public environment, and non-intense interaction with coworkers and supervisors failed to take into account that plaintiff was "moderately limited in his ability to perform work activities without additional or special supervision, to complete a normal workday or workweek without interruption resulting from any psychiatric conditions, and to deal with the usual stresses encountered in competitive work").

Because the ALJ credited Drs. Faurbo's and Sulier's opinions, the ALJ needed to address either (1) how they translated the opined "mild to moderate" and moderate limitations into the RFC, or (2) why they did not translate the opined limitations into the RFC.  *See Stubbs-Danielson,* 539 F.3d at 1174.  Absent an explanation for failing to account for these limitations, the Court finds that the ALJ's RFC determination is not supported by substantial evidence.  *See Christopher S. Z. v. O'Malley*, No. 2:23-CV-09446-DTB, 2024 WL 6916748, at *4 (C.D. Cal. Oct. 15, 2024); *Sahyoun*, 2020 WL 1492661, at *3; *Robbins*, 466 F.3d at 886 ("an ALJ is not free to disregard properly supported limitations"); *Warren v. Saul*, No. 8:19-CV-02270-PD, 2021 WL 259435, at *6 (C.D. Cal. Jan. 26, 2021); *Byrd v. Colvin*, 2017 WL 980559, at *8 (D. Or. Mar. 14, 2017) ("Here, the ALJ gave great weight to [the] opinion, but the RFC failed to take into account all of the limitations identified by [the doctor], and the ALJ failed to explain why she did not include the limitations in the RFC. As a result, the ALJ erred in formulating the RFC.").

**C.    Harmlessness Review**

The Court must now consider whether the ALJ's error was harmless.  *Molina*, 674 F.3d at 1115.  Courts look at the entire record to determine whether the error alters the outcome of the case. *Id*.; *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015).  An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citations omitted).

The Court cannot conclude that the error is harmless as it is not clear whether inclusion of the unaddressed limitations as opined by Drs. Faurbo and Sulier would have eliminated available jobs.  Moderate limitations are not per se disabling, but they may translate into more concrete work restrictions. *See Macquarrie*, 2023 WL 8242069, at *7.  For example, the VE testified that a person

12

who was off task greater than 10 percent would not be tolerated by an employer for unskilled work. (AR 72.)  Additionally, the VE testified that a person absent eight or more days per year would preclude all work.  (AR 73.)  Had the ALJ included different limitations in the RFC based upon a proper review of the evidence, the ultimate disability determination may have been different. Accordingly, the Court cannot find that the error was "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115.

**D.     Remedy**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits.  Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled.  *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the Court finds, and Plaintiff agrees, (Doc. 15 at 13), that remand for further proceedings is the appropriate remedy.  *See, e.g., Chan v. Bisignano,* No. 1:25-CV-01479-SKO, 2026 WL 807520, at *7 (E.D. Cal. Mar. 24, 2026) (remanding for further proceedings where RFC determination was not supported by substantial evidenced due to failure to consider credited moderate limitations).  On remand, the ALJ shall either incorporate all of the credited limitations assessed by Drs. Faurbo and Sulier into the assessed RFC or explain why any such limitation(s) is not incorporated.

**V.     CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED.  The case is REMANDED to an ALJ for further proceedings consistent with this Order.  The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Maria Ventura and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:  __**July 2, 2026**__                          ___/s/ *Sheila K. Oberto*___
                                                          UNITED STATES MAGISTRATE JUDGE